IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01715-RPM

DWAYNE APPELGREN,

    Plaintiff,

v.

COMBINED INSURANCE COMPANY OF AMERICA,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Upon consideration of the Unopposed Motion for Entry of Stipulated Protective Order, filed by Plaintiff Dwayne Appelgren, ("Plaintiff"), and upon this Court's finding that good cause exists for the issuance of a Stipulated Protective Order, IT IS ORDERED as follows:

1. This Stipulated Protective Order ("Protective Order") shall apply to all information, documents, electronically-stored information, and other materials disclosed, produced, exchanged, or otherwise disseminated in this case, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed, produced, or exchanged pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. As used in this Protective Order, "electronically-stored information" means any type of information that can be stored electronically, and is intended to be broad enough to cover all current types of electronically and computer-based information.

4. Information, documents, electronically-stored information, and/or other materials designated as "Confidential" (collectively, "Confidential Information") shall be information, documents, electronically-stored information, and/or other materials that are confidential and meet the requirements set forth in 5 U.S.C. § 552(b)(4) and (b)(6), such as: (a) personnel records of current or former employees of Defendant; (b) any non-public personal financial, tax, and identification information of the Parties, including credit or debit numbers, social security numbers, drivers' license numbers, and bank or financial account information or password information; (c) Defendant's proprietary documents and materials, trade secrets, and commercial or financial information that is either privileged or confidential; (d) medical, mental health, or other information implicating common law and statutory privacy interests or proprietary interests of the Parties; and (e) any other material qualifying for protection under Federal Rule of Civil Procedure 26(c). Any document or information designated as "Confidential Information" shall be subject to this Protective Order.

5. Confidential Information shall not, without the consent of the party designating it as Confidential (the "Designating Party") or further Order of the Court, be disclosed *except that* such information may be disclosed, solely for the purposes of this case, to the following:

    (a) attorneys actively working on this case;

    (b) persons regularly employed by or associated with the attorneys actively working on this case and who assist said attorneys in connection with this case;

    (c)    the Parties, including representatives of Defendant;

    (d)    expert witnesses and consultants retained in connection with this proceeding and their staff, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses; and

    (h)    other persons by written agreement of the Parties.

6.    Confidential Information shall not be disclosed or used for any purpose except for the preparation, trial, and appeal of this case.

7.    Information, documents, electronically-stored information, and/or other materials are designated as Confidential by the party producing them by placing or affixing (in a manner that will not interfere with their legibility) the following or other appropriate notice—"Confidential"—on every page containing Confidential Information. If electronically-stored information is produced electronically and in a format in which it is not feasible to comply with the foregoing sentence, then the electronic file containing the information may be designated as Confidential by incorporating "Confidential" into the file name, or by other means to which the parties may agree. With the exception of depositions, which are discussed below in Paragraph 9, information, documents, electronically-stored information, and/or other materials unintentionally produced without a "Confidential" designation or produced before the Stipulated Protective Order is issued, may be retroactively designated in the same manner.

8.  Before any information is designated as "Confidential," counsel of record for the Designating Party must first review the information and make a determination, in good faith, that the information, documents, electronically-stored information, and/or other materials are confidential or otherwise are entitled to protection pursuant to Paragraph 4 of this Protective Order and Fed. R. Civ. P. 26(c).

9.  Whenever a deposition involves the disclosure of Confidential Information, the portions of the deposition containing such information may be designated as Confidential and upon such designation shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within twenty-eight (28) days after notice by the court reporter of the completion of the transcript. Admissibility of the portions of any deposition designated as Confidential Information will be reserved for and addressed at trial.

10. A party may object to the designation of particular Confidential Information by giving written notice to the Designating Party. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Designating Party to file a motion within twenty-eight (28) days after the date the notice is received, seeking an order that the disputed information is Confidential and subject to this Protective Order. If the Designating Party timely files such a motion, the Parties shall continue to treat the disputed information as Confidential until the Court has ruled on the motion. If the Designating Party does not timely make a motion under this paragraph, then the disputed information shall lose its status as

Confidential Information under the terms of this Protective Order. In connection with any motion filed under this provision, the Designating Party shall bear the burden of establishing good cause exists for the disputed information to enjoy the status of Confidential Information.

11. This Protective Order shall not prohibit the use of Confidential Information in depositions, pleadings, motions, or trial, provided that such uses are related to the prosecution or defense of this case. Notwithstanding that Confidential Information may be used, this Stipulated Protective Order does not waive any right or obligation of any party to file a motion under D.C.Colo.LCivR 7.2 to restrict access to all or a portion of papers and documents filed with the Court. In addition, the Parties agree to comply with D.C.Colo.LCivR 7.2 regarding procedures for restricting access to documents that are marked "Confidential." In particular, the Parties agree to confer prior to the filing of Confidential Information to determine what level of restrictedness the Confidential Information should be filed under, if any, pursuant to D.C.Colo.LCivR 7.2. If the parties cannot agree, the Confidential Information shall be filed Level I Restricted and the party seeking to maintain the confidentiality of the documents or information shall file, within fourteen (14) days, a motion seeking to have the Court permanently restrict the Confidential Information. In connection with any motion filed under this provision, the party seeking to maintain the confidentiality of the documents or information shall bear the burden of establishing that good cause exists for the disputed documents or information to remain restricted. The use of Confidential Information in any court proceeding shall not prejudice or limit in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of such material.

12.     The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals and any entry of an order, judgment or decree finally disposing of all litigation.  At the conclusion of this case, unless other arrangements are agreed upon in writing, all Confidential material shall be either returned to the party that produced it or destroyed, except that counsel shall be permitted to retain court filings, deposition transcripts, exhibits, and work product that contain Confidential information or references thereto and a single copy of all documents marked Confidential for archival purposes; provided that such counsel, and employees of such counsel, shall not disclose such retained materials to any person or use such retained materials for any purpose unrelated to this action except pursuant to court order or written agreement with the Designating Party.  Notwithstanding the provisions of this paragraph, the parties, their counsel, and experts for a party shall not be required to return or to destroy any Confidential Information to the extent prohibited by law or to the extent such Confidential Information is (a) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (b) only retrievable through the use of specialized tools or techniques typically used by a forensic expert.  To the extent any Confidential Information is not returned or destroyed in accordance with this paragraph, such Confidential Information shall remain subject to this Protective Order.

13.     If any person receiving and in the possession, custody, or control of Confidential Information is served with a subpoena, demand, or any other legal process seeking discovery of material containing Confidential Information by a nonparty to this action, the receiving party shall give prompt written notice, by hand or facsimile transmission within two business days of its

its receipt of such subpoena, demand or legal process, to the Designating Party, assuming the provision of such notice is not forbidden by law or legal authorities. The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena, demand, or legal process seeking the discovery material and shall also be solely responsible for all of its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

14. This Protective Order may be modified by the Court at any time for good cause shown, following notice to the Parties and an opportunity for them to be heard.

15. Nothing in this Protective Order shall prevent a party from seeking modification of this Order or from objecting to discovery the party believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, authenticity, admissibility, or discoverability of anything designated as Confidential Information.

ORDERED this 23rd day of December, 2014.

BY THE COURT:

THE HONORABLE RICHARD P. MATSCH

AGREED AND APPROVED:

s/ Thomas A. Bulger

s/
Thomas A. Bulger
Silvern&Bulger, P.C.
4800 Wadsworth Boulevard
Suite 307
Wheat Ridge, CO 80033
Telephone: 303.292.0044

**ATTORNEYS FOR PLAINTIFF**

s/ Cristin J. Mack

s/ Cristin J. Mack    12/22/14
Kevin E. O'Brien
Cristin J. Mack
Matthew J. Hegarty
Hall & Evans, L.L.C.
1001 17th Street, Ste. 300
Denver, CO 80202
Telephone: 303.628.3300

**ATTORNEYS FOR DEFENDANT**